Ada Luz IGLESIAS–DELGADO,
Petitioner,

v.

José A. RIVERA–RIVERA, Chief Marshal Superior of Puerto Rico, Hato Rey Part, Respondent.

Civ. No. 76–199.

United States District Court,
D. Puerto Rico.

July 22, 1976.

Santos P. Amadeo, Rio Piedras, P. R., for petitioner.

Miriam Naveira de Rodón, Sol. Gen., Ronaldo Rodriguez-Ossorio, Asst. Sol. Gen., General Litigation Div., Dept. of Justice, San Juan, P. R., for respondent.

## OPINION AND ORDER

TOLEDO, Chief Judge.

This case raises an issue left open by the First Circuit Court of Appeals in *Figueroa Ruiz v. Delgado*, 359 F.2d 718 (1966).

Petitioner Ada Luz Iglesias Delgado has prayed for a writ of habeas corpus alleging that she was accused, tried and sentenced in the District Court of Puerto Rico for violating Section 137 of the Penal Code of Puerto Rico. She claims that in said Court the Judge exercised the functions of Judge and Prosecutor, because there was no Prosecutor representing the State.

The District Court found petitioner guilty whereupon she requested a trial *de novo* which was held before the Superior Court of Puerto Rico. This Court found petitioner guilty of the crime charged and sentenced her to four (4) hours in jail and to pay a fine of $100.00. Petitioner then brought her case before the Appeals Division of the Superior Court pursuant to Article 1 of Law No. 11 of August 8, 1974 and a Resolution of the Supreme Court of Puerto Rico dated September 20, 1974. The Appeals Division affirmed the conviction on February 11, 1976.

On February 26, 1976, the present petition for habeas corpus was filed wherein it was requested that the writ be issued. We denied a request for a temporary restraining order prohibiting respondent from enforcing the judgment of the Appeals Division. The matter was referred to the United States Magistrate for his recommendation on whether we should order respondent to show cause why a writ of habeas corpus should not be issued against him. The Magistrate reported favorably on March 19, 1976,[1] and the order to show cause was issued. On the date set for the hearing the parties requested to submit the case on the basis of briefs, which are now before us.

## ANALYSIS

Petitioner contends that she has been deprived of her liberty and property without due process of law because in the first trial, held before the District Court of Puerto Rico, the Judge exercised both the function of judge and prosecutor. The cases of *Figueroa Ruiz v. Delgado*, supra; and *Ward v. Village of Monroeville*, 409 U.S. 57, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972), are cited in support of petitioner's contention.

In *Figueroa Ruiz*, the Court of Appeals for the First Circuit held that the system of judge-prosecutor, in which

   ". . . the judge was the one to introduce the government's evidence, and cross-examine on the government's behalf, . . . would deny the accused due process of law." (Supra, at 721–22).

---

1. The Magistrate noted that petitioner met the requirements of "in custody" in accordance to *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973) [Bail pending execution of judgment]. It was also stated that she had exhausted the state remedies available to her since the issues raised by her had been decided against her by the Puerto Rico Supreme Court in the case of *People v. Barranco*, 92 P.R.R. 558 (1965).

Respondent argues that Figueroa Ruiz is not controlling here because at the time of that decision there was no right to appeal the District Court's sentence to the Superior Court through trial *de novo* in which the judge would exercise his judicial functions. Thus, the issue now before us is whether the right to trial *de novo* before the Superior Court cures of constitutional defects the proceedings before the District Court where the judge acts both as judge and prosecutor. We think it does not.

*Figueroa Ruiz* declared the judge-prosecutor system unconstitutional and violative of due process because it deprived the accused of a neutral and independent judge:

> " . . . We unhesitatingly accept the Puerto Rico Supreme Court's view that Puerto Rico District Court judges possess an "honest conscience," and are dedicated to their judicial function. *Nevertheless, we are unable to regard their additional duty as compatible with the untrammelled exercise of that function, and hence consistent with due process as we know it.*" (*Id.* at p. 772, emphasis added).

The Court of Appeals in *Figueroa Ruiz* did not have before it the argument of trial *de novo* as a constitutional palliative. However, in a footnote the following was stated:

> "We do not take account of certain magistrate courts from which a dissatisfied defendant can, by appeal, obtain a trial de novo, e. g., La.Const. Art. VII, § 36; La. Laws Title 13, § 1896. Such remedy may, or may not, be thought to protect the original trial from local appellate criticism, cf. *Application of Borchert*, 1961, 57 Wash.2d 719, 359 P.2d 789 (4–3 opinion), but we believe it at least removes the constitutional objections." (*Id.* at p. 721).

Subsequent to *Figueroa Ruiz*, the Supreme Court of the United States addressed itself to the issue of the remedial nature of trial *de novo*. Thus, in *Ward v. Village of Monroeville*, supra, the Supreme Court found no such relief in the existence of a right to a trial *de novo*.

In *Ward*, the Mayor of Monroeville convicted an accused of two traffic offenses and fined him, acting pursuant to Ohio statutory provisions authorizing mayors to sit as judges in cases of ordinance violations and certain traffic offenses. In overturning the convictions the Supreme Court found that because the Mayor, who was responsible for village finances and whose court through fines, forfeitures, costs and fees contributed to the village funds, presented a

> " . . . situation in which an official perforce occupies two practically and seriously inconsistent positions, one partisan and the other judicial, [and] necessarily involves a lack of due process of law in the trial of defendants charged with crimes before him . . ." (*Id.* 409 U.S. at 60, 93 S.Ct. at 83).

The unconstitutional inconsistency of the judge-prosecutor's duties is not defined by *Ward* (pecuniary interest) but by *Figueroa Ruiz* (the *trammelled* exercise of the judicial function by the simultaneous role of prosecutor). *Ward* is central to the case at bar because it rejected the argument that the right to a trial *de novo* would cleanse the prior proceedings before the Mayor of constitutional defects:

> "Respondent also argues that any unfairness at the trial level can be corrected on appeal and trial *de novo* in the County Court of Common Pleas. We disagree. This "procedural safeguard" does not guarantee a fair trial in the mayor's court; there is nothing to suggest that the incentive to convict would be diminished by the possibility of reversal on appeal. *Nor, in any event, may the State's trial court procedure be deemed constitutionally acceptable simply because the State eventually offers a defendant an impartial adjudication. Petitioner is entitled to a neutral and detached judge in the first instance* . . . " (*Id.* at p. 61–62, 93 S.Ct. at p. 83–84).

On June 28, 1976, the Supreme Court decided the case of *North v. Russell et al.*, 427 U.S. 328, 96 S.Ct. 2709, 49 L.Ed.2d 534.

In that case it was held, as is here pertinent, that no denial of due process existed in Kentucky's police courts' system for misdemeanor trials, wherein in smaller cities the first trial was conducted before non lawyer judges and where all defendants had the right to trial *de novo* before a lawyer judge. The Court found *Ward* to be distinguishable by finding that in *Ward* the Court's main concern was for an independent, neutral and detached judge, and not the requirement of legal training. Thus, in *North,* trial *de novo* was found to be a fit guarantee of due process because the neutrality and independence of the judge who presided the first trial, lawyer or not, was not at stake.

Two days after the *North* ruling, the national Supreme Court again partially relied on the existence of a trial *de novo* to uphold a state court system under which a defendant in a criminal case, including some felony charges, is tried in the first instance without a jury but may appeal and obtain trial *de novo* by jury. Thus, in *Ludwig v. Massachusetts*, 427 U.S. 618, 96 S.Ct. 2781, 49 L.Ed.2d 732 (1976), no due process violation was found. Again, we find that in *Ludwig* the figure of the *judge* was not in issue.

*Figueroa Ruiz* having decided that a judge-prosecutor did not meet the constitutional due process requirements of a neutral and detached judge, and *Ward* having stated that a subsequent right to trial *de novo* did not cure such a constitutional defect present at the inception of the process, we can not but conclude that in the case at bar, petitioner's right to trial *de novo* does not remedy the pre-existent lack of due process in having been tried by a judge-prosecutor.

## EPILOGUE

Even though neither party has raised it, we take judicial notice of Act No. 146 of July 23, 1974, Title 3, Laws of Puerto Rico Annotated, Section 90 et seq. wherein the Puerto Rico Legislative Assembly provided for the creation of 40 posts of Assistant District Attorneys for the Puerto Rico District Courts.[2] That Act further provides that upon a certification by the Secretary of Justice of the need for such action, the Governor of Puerto Rico could authorize the opening of ten (10) additional posts for District Attorneys for the District Courts.

It could very well be that by virtue of said Act supra, petitioner's case is no longer the rule of practice before the Puerto Rico District Court. However, the fact remains that petitioner was indeed tried before a judge who also played the role of prosecutor.

## CONCLUSION

We find that petitioner now before us has been denied her right to due process of law guaranteed her by the Fourteenth Amendment to the Constitution of the United States of America. Wherefore, the writ of habeas corpus is hereby granted. Respondent is ordered to release petitioner. Nevertheless, in order to allow respondent to appeal to, and request a stay from, the U. S. Court of Appeals for the First Circuit, a stay of the execution of the writ is hereby temporarily granted for a term of twenty (20) days.

IT IS SO ORDERED.

---

**2.** No official English translation yet available.