The **BLACKSHEAR RESIDENTS OR-GANIZATION, Callie Mae Green, Velma Cruse, and Janie Rosales, individually and on behalf of a class of similarly situated individuals, Plaintiffs-Appellants,**

v.

The **CITY OF AUSTIN, et al., Defendants-Appellees.**

No. 79–3558.

United States Court of Appeals, Fifth Circuit.*
Unit A

Oct. 13, 1981.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

James W. Piper, Fred Fuchs, Legal Aid Society of Central Texas, Austin, Tex., for plaintiffs-appellants.

Terrence Lang Irion, Asst. City Atty., Austin, Tex., Sandra M. Schraibman, Anthony Steinmeyer, Dept. of Justice, Washington, D. C., for defendants-appellees.

Before BROWN, GEWIN ** and POLITZ, Circuit Judges.

POLITZ, Circuit Judge:

Three low-income, minority residents of Austin, Texas, and a neighborhood organization sued the Secretary of Housing and Urban Development (HUD), HUD officials, the City of Austin, and city officials, contending that Austin employed federal Community Development Block Grant (CDBG) funds to supplant local allocations for community development contrary to 42 U.S.C. § 5301(c). Because of this, an allegation is made that the Secretary of HUD abused her discretion in approving Austin's CDBG application for 1977–1978. Individually, and in the posture of a class action, the complainants seek: declaratory and injunctive relief relative to section 5301; an order to the Secretary of HUD commanding the promulgation of regulations relative to section 5301; and a mandamus directed to the Secretary of HUD to institute proceedings under section 5301 to recover from Austin certain funds federally provided. The district court rendered summary judgment in favor of the defendants. At oral argument, the court was informed that the projects at issue have been completed and all federal monies have been expended.

At the threshold, we are constrained to determine whether this case continues to present a viable, justiciable controversy suitable for judicial resolution. Whether a controversy has become moot is a preliminary matter "which a federal court must resolve before it assumes jurisdiction." *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971). Article III of the Constitution proscribes the review of moot disputes; "the exercise of judicial power depends upon the existence of a case or controversy." *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3, 84 S.Ct. 391, 394 n.3, 11 L.Ed.2d 347 (1964).

■ The governmental action which lies at the heart of this complaint has long since terminated. The funds in question have been spent; the projects are all concluded. Injunctive relief would be meaningless. A declaratory judgment concerning the validity of the actions would be of doubtful validity[1] and of little efficacy to these complain-

---

** Due to his death on May 15, 1981, Judge Gewin did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46(d).

1. *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941), states the test for mootness in the declaratory judgment context: "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

ants regarding the relief they seek. We may not appropriately issue advisory opinions. *See, e. g., Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937); C. Wright, *Law of Federal Courts* § 12, at 41 (1976).

The present case does not raise those issues generally considered "capable of repetition, yet evading review," *Southern Pacific Terminal Co. v. I.C.C.*, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1915), that provide an exception to the mootness rule. The allegations revolve around the particular factual circumstances of the development plan in Austin. A similar situation involving these parties is unlikely to arise again. The question is, therefore, whether this suit has "lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law." *Hall v. Beals*, 396 U.S. 45, 48, 90 S.Ct. 200, 201, 24 L.Ed.2d 214 (1969) (*citing Golden v. Zwickler*, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969); *Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962); *Mills v. Green*, 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293 (1895)).

Despite serious questions, we conclude that mootness does not sound the death knell of this litigation. Our decision is based on the combined force of the request for class action consideration in addition to the oblique reference to a suit for damages against the city of Austin and the requested order to compel the Secretary to issue regulations. We address the merits of the appeal, concur in the findings and conclusions of the district judge, and affirm.

■ Appellants insist that Austin failed to comply with the mandate of 42 U.S.C. § 5301(c) which provides:

It is the intent of Congress that the Federal assistance made available under this title not be utilized to reduce substantially the amount of local financial support for community development activities below the level of such support prior to the availability of such assistance.

We understand this section to prescribe that federal funds may not be used in the place of local funds; the clear intent is that the level of local financial support should continue. Congress has not stated that a local government must fund community development projects at any certain monetary level or that there must be continued support for specific projects. Rather, the local support for all of the community development activities is intended not to be substantially reduced.

■ The city of Austin has not substantially decreased its level of expenditures for community enhancement programs. Although appellants suggest that funds should be expended on projects they prefer—projects which, as they perceive the matter, more appropriately qualify as community development activities—the court declines to make such a qualitative judgment. We find no basis for the contention that the district court erred in its conclusions. We are not convinced that the city of Austin acted contrary to the directives of 42 U.S.C. § 5301.

Appellants contend that in approving Austin's amended CDBG application the Secretary of HUD acted irrationally and arbitrarily. Along with this, appellants urge us to require the Secretary to promulgate regulations and guidelines relative to the maintenance of effort provisions of section 5301. Neither argument is persuasive.

■ Review of decisions within the province of an administrative agency is governed by the arbitrary-capricious standard. *See, e. g., Camp v. Pitts*, 411 U.S. 138, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973); *Citizens To Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971); *K. Davis, Administrative Law of the Seventies* § 29.01–8, at 677–83 (1976). For the past decade, *Overton Park* has provided the guide that an agency's decision "is entitled to a presumption of regularity." 401 U.S. at 415, 91 S.Ct. at 823. Furthermore, a court "is not empowered to substitute its judgment for that of the agency," *id.* at 416, 91 S.Ct. at 823, unless the determination is irrational. On the basis of the record before us, we cannot say that the Secretary of HUD acted irrationally, arbitrarily, or in disregard of 42 U.S.C.

§ 5301(c) when she directed approval of the city of Austin's amended CDBG application.

■ Complainants' contention that HUD should issue specific regulatory guidelines ensuring the preservation of section 5301(c)'s policy falls under the scythe of the rubric that policy decisions of this sort rest particularly within the informed discretion of an administrative agency. *S.E.C. v. Chenry Corp.*, 332 U.S. 194, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). *See N.L.R.B. v. Wyman-Gordon Co.*, 394 U.S. 759, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969). The case-by-case approach utilized by HUD, in lieu of promulgation of detailed rules, is not proscribed. An agency "has reason to proceed with caution, developing its standards in a case-by-case manner with attention to the specific character" and needs of each applicant. *N.L.R.B. v. Bell Aerospace Co.*, 416 U.S. 267, 294, 94 S.Ct. 1757, 1771, 40 L.Ed.2d 134 (1974). We defer to HUD's determination, in this instance, that a case-by-case process best serves its purposes.

For the foregoing reasons, the ruling of the district court, awarding summary judgment in favor of HUD and the city of Austin, is AFFIRMED.