Leon E. GILES, for himself and all others similarly situated; and John L. Bailey for himself and for all others similarly situated, Plaintiffs,

v.

CITY OF PRATTVILLE et al., Defendants.

Civ. A. No. 82–616–N.

United States District Court, M.D. Alabama, N.D.

Feb. 3, 1983.

Mandell & Boyd, Delores R. Boyd, Montgomery, Ala., for plaintiffs.

Hill, Hill, Carter, Franco, Cole & Black, John M. Milling, Jr. and Robert C. Black, Montgomery, Ala., for defendants.

## MEMORANDUM OPINION

HOBBS, District Judge.

The above styled cause is now before this Court on the various motions of the parties, including motions by plaintiffs and defendants for summary judgment. Plaintiffs' motion for summary judgment sought summary judgment as to their claims for injunctive and declaratory relief. Plaintiffs, however, have orally advised this Court that they do not desire a hearing on the separate issue of damages, and that their motion for summary judgment should be amended to add a prayer for summary judgment as to nominal damages. Defendants have also filed a motion for summary judgment, urging several grounds for their motion. Accordingly, this Court's opinion will address all the issues in this case.

Jurisdiction of this cause arises pursuant to 28 U.S.C. §§ 1331, 1343(3), 1343(4) and 2201.

The original plaintiff in this cause was arrested on a misdemeanor complaint charging him with possession of marijuana in violation of a municipal ordinance of the City of Prattville. At his hearing on August 16, 1982, before the Municipal Court of Prattville, plaintiff became aware that the Judge of the Municipal Court acted both as prosecutor and judge. Plaintiff moved for the appointment of a separate prosecutor in his case, objecting to the same individual serving as judge and prosecutor. The Municipal Court Judge denied plaintiff's motion.

On August 27, 1982, plaintiff filed this suit in federal court, asking this Court to enjoin his prosecution until such time as the City of Prattville Municipal Court employed a prosecutor to represent the City in trials in that court. Plaintiff further asked that this Court certify as a plaintiff class those persons who now have misdemeanor cases pending for prosecution, or may hereafter be subject to prosecution for misdemeanors in the Municipal Court of Prattville. Plaintiff amended his complaint on September 8, 1982 to include a claim for compensatory and punitive damages, and further asked for injunctive relief directing defendants to make equitable restitution to the plaintiff class of all fines assessed and collected through convictions in the Municipal Court.

On September 9, 1982, plaintiff filed a motion to amend further his complaint to add a party plaintiff who was also arrested for possession of marijuana and whose case was also pending before the Municipal Court of Prattville. This Court granted that motion by its order of September 13, 1982. Plaintiff also requested by a September 9th motion that the Court certify as a defendant class all Alabama municipal court judges who acted as both judge and prosecutor.

A preliminary injunction hearing was held on September 10, 1982. At such hearing defendants advised the Court that the position of a prosecutor for the City of Prattville was in the City's budget for the year 1983–84, and that the City would undertake to employ a prosecutor immediately. The defendants at a later date further advised this Court that both cases against the plaintiffs were dismissed by the Municipal Court of Prattville for want of jurisdiction.

## MOOTNESS

■ Defendants in their summary judgment motion raise a threshold constitutional question. They contend that neither plaintiff was ever subjected to trial in the Municipal Court of Prattville where the judge would also act as prosecutor and that neither plaintiff has pending before the Munic-

ipal Court any action against him. Thus, defendants argue that plaintiffs have suffered no injury, and that their claims in this civil action are moot.

Defendants' assertion that the appointment of a prosecutor moots plaintiffs' case is based on the erroneous assumption that voluntary cessation of allegedly illegal conduct renders a case moot. *United States v. W.T. Grant Co.*, 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953); *Hall v. Board of School Comm's of Conecuh County*, 656 F.2d 999, 1000 (5th Cir.1981).[1] Based on the above cited authority, and the general caveat that absent a judicial order, the "defendant is free to return to his old ways," *United States v. W.T. Grant, supra*, at 632, 73 S.Ct., at 897, the belated appointment of a prosecutor by the City does not deprive this Court of jurisdiction.

Likewise, the fact that plaintiffs were never prosecuted as such by the Municipal Court Judge does not mandate a dismissal of this suit. Plaintiffs in this case seek monetary damages for injuries incurred as a result of the City's Municipal Court's procedural practices. Although neither plaintiff was subjected to a complete trial where the Judge acted as prosecutor, both were at one time or another subjected to the practice. Indeed, one plaintiff's trial had begun and was proceeding on the merits before the matter was continued by the court on other grounds. Clearly, this Court has jurisdiction to proceed to consider plaintiffs' injuries in the light of defendants' challenged court practices. *Powell v. McCormack*, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). The fact that plaintiffs' injuries may not be substantial in view of the action taken by the City does not moot plaintiffs' claims. Furthermore, "[e]ven if the damage claim was the only thing that saved the case from Article III

mootness, injunctive relief may still be granted if appropriate under discretionary injunction principles." *Withers v. Levine*, 615 F.2d 158, 160 (4th Cir.1980), *cert. denied*, 449 U.S. 849, 101 S.Ct. 136, 66 L.Ed.2d 59 (1980); *Blackshear Residents Organization v. City of Austin*, 659 F.2d 36, 38 (5th Cir.1981).

There remains, however, a separate and distinct reason for not mooting plaintiffs' claims for injunctive and declaratory relief. This case presents issues that are "capable of repetition, yet evading review," and as such this Court will retain jurisdiction of this case. *Southern Pacific Terminal Co. v. Interstate Commerce Commission*, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911); *Tucker v. City of Montgomery Bd. of Comm'rs*, 410 F.Supp. 494 (M.D.Ala.1976). The "capable of repetition, yet evading review" exception to the mootness doctrine has been construed to require that: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Walsh v. Louisiana High Sch. Athletic Ass'n*, 616 F.2d 152, 157 (5th Cir.1980), *cert. denied*, 449 U.S. 1124, 101 S.Ct. 939, 67 L.Ed.2d 109 (1980); *see DeFunis v. Odegaard*, 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974). It is clear from the facts of this case that the first part of this test has been met by plaintiffs. Plaintiffs' cases were dismissed by the Municipal Court of Prattville only weeks after the instant case was filed. Although it appears unlikely that the particular plaintiffs at bar will be subjected to the same action again in the future, this Court holds that the second part of the *DeFunis* test is nevertheless satisfied. The concerns of the second

---

1. The City of Prattville has stated that the prosecutor was appointed because the position was in the City's budget, and it has refused to acknowledge that the practice of having the judge also act as prosecutor violates any constitutional right of defendants in that court. Thus, it appears that if the prosecutor's position is not included in a particular year's budget, then there remains a reasonable expectation that the

alleged violations would recur. This position of defendants that no violation of anyone's constitutional rights takes place when a judge also acts as the prosecutor further strengthens the contention of plaintiffs that this case is not moot. *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979).

prong of *DeFunis* are met by a combination of factors including plaintiffs' request for a class action, plaintiffs' claim for monetary damages, and the substantial constitutional questions of public concern which plaintiffs' claims present. In *Blackshear Residents Organization v. City of Austin,* 659 F.2d 36 (5th Cir.1981), the court did not moot the issues presented by the case despite the fact that there was no reasonable expectation of future harm to the named plaintiff.

### IMPACT OF *YOUNGER v. HARRIS*

■ Defendants have also asserted that should this Court find that defendants' municipal court procedure is in violation of the United States Constitution, this Court is without jurisdiction to enjoin a pending state court criminal action. The Court is aware of the limiting effect of the Supreme Court's decision in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); however, this Court is of the opinion that the *Younger* principle does not apply in this case where the sole defendants are those having responsibility for the operation of the Municipal Court of Prattville. The City of Prattville has advised this Court that the criminal cases against plaintiffs Giles and Bailey have been dismissed. It has also informed this Court that a prosecutor has now been appointed in Prattville for the Municipal Court. Thus, this Court's holding will not enjoin any ongoing criminal prosecution in a state court. *Concerned Citizens of Vicksburg v. Sills,* 567 F.2d 646 (5th Cir.1978).

### CLASS ACTION

■ Plaintiffs seek in this action to certify as a plaintiff class all those persons who now have misdemeanor cases pending for prosecution, or may hereafter be subject to prosecution for misdemeanors in the Municipal Court of Prattville. In order for this Court to certify the plaintiff class, the prerequisites of Federal Rules of Civil Procedure 23(a) must be satisfied.

This Court is of the opinion that plaintiffs have not satisfied all the prerequisites of F.R.C.P. 23(a). Rule 23(a) requires that all members of the class have common questions of law or fact similar to that of the named representatives. This Court, although recognizing the named plaintiffs' injuries, does not find that the proposed class members have common questions of law or fact with that of the named representatives. The City of Prattville has ceased the alleged unconstitutional practice, and therefore this Court does not find the required commonality. Moreover, this Court is confident that if the ruling by this Court is that the practice of having a single person serve as judge and prosecutor is unconstitutional, and if such a ruling is upheld, such practice will stop in the Prattville Municipal Court. This Court has been assured that pending a ruling by this Court, the judge will not act as prosecutor in any cases in the Prattville Municipal Court. *See United Farm. of Fla. Housing Project, Inc. v. City of Delray Beach,* 493 F.2d 799 (5th Cir.1974).

■ Plaintiffs have urged this Court to certify as a defendant class, municipal court judges for those other municipal courts in the State of Alabama which also maintain a practice, custom, or policy of having one person act as both judge and prosecutor even if the Court does not certify a plaintiff class action suit. Plaintiffs seek to name as the defendant class representative, Judge Howell, the Municipal Court Judge of Prattville. This Court finds that the proposed defendant class does not fall within the parameters of F.R.C.P. 23. It is clear that the City, through Judge Howell, no longer engages in the practice, custom, or policy wherein the Municipal Court judge functions both as judge and prosecutor. Not only is it highly questionable under these circumstances that the proposed named representative for the defendant class would adequately and fairly protect the interest of the class, but also it seems fundamentally unjust to require the defendants who are not representative of the putative class to litigate the claims for the entire class.

Moreover, plaintiffs Giles and Bailey understandably have not asserted that other municipalities wherein the judge also acts

as prosecutor have deprived them of any constitutional right. Where these plaintiffs have suffered no injury at the hands of any other municipality, they lack standing to sue the other municipalities. Additionally, if this Court were to certify the defendant class, this Court would face a much more formidable *Younger* problem than previously discussed. The necessary relief that would be appropriate should this Court certify the defendant class would require a massive intrusion by this federal court into pending state criminal proceedings, which is the exact evil that the *Younger* principle forbids. Accordingly, based on this Court's understanding of the prerequisites of F.R. C.P. 23(a) and this Court's understanding of *Younger v. Harris,* this Court finds that the proposed defendant class should not be certified.

### MERITS

■ While this Court finds no United States Supreme Court case directly on point, several decisions by that Court shed much light on the present issue. The Court in *Wong Yang Sung v. McGrath,* 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616 (1950), considered whether administrative hearings in deportation cases must conform to the Administrative Procedure Act. In that case, the Immigration Service had been conducting hearings in deportation cases wherein the "presiding inspector," who ultimately submitted findings of fact and conclusions of law to the Commissioner of Immigration, was required to conduct an interrogation of the alien and the witnesses for the Government, and cross examine the alien's witnesses, and if necessary present additional evidence that supported the charges against the alien. The Court in holding that such a hearing did not conform to the Administrative Procedure Act, stressed the unfairness of a procedure that commingled the prosecutorial function of the presiding inspector with his decision making function. The Court further noted that to construe the Act as permitting such a practice might bring the prior procedures "into constitutional jeopardy." The Court stated: "[W]hen the Constitution requires a hearing, it requires a fair one, one before a tribunal which meets at least currently prevailing standards of impartiality." *Id.* at 50, 70 S.Ct. at 454.

The Supreme Court in two subsequent cases expanded on the appearance of impartiality constitutionally required by a judge. In *In re Murchison,* 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942 (1955), the Court held that the Due Process Clause of the Fourteenth Amendment prevented a judge that had previously acted as a "one man grand jury" in investigating individuals for suspected crimes, from subsequently trying the same individuals for contempt that occurred at the grand jury proceeding. The Court, speaking through Justice Black, stated:

> [a] fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness.... Such a stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties. But to perform its high function in the best way, "justice must satisfy the appearance of justice." *Id.* at 136, 75 S.Ct. at 625.

Justice Black in commenting on the procedure wherein the judge performs the accusatory role of a grand jury, a factual situation not too dissimilar from the facts of the instant case, stated that a judge that acts both as the accuser and as the final adjudicator cannot be totally without bias.

> Having been a part of that process a judge cannot be, in the very nature of things, wholly disinterested in the conviction or acquittal of those accused. While he would not likely have all the zeal of a prosecutor, it can certainly not be said that he would have none of that zeal. Fair trials are too important a part of our free society to let prosecuting judges be trial judges of the charges they prefer. *Id.* at 137, 75 S.Ct. at 625–26.

The Court further stressed the importance of the neutrality of a judge in *Marshall v. Jerrico, Inc.,* 446 U.S. 238, 100 S.Ct. 1610, 64 L.Ed.2d 182 (1980). There, the Court upheld a practice whereby the enforcement unit of the Fair Labor Standards Act would receive part of its funding from the civil penalties that were assessed under the Act. In *Jerrico,* the alleged bias was held to be too remote to invalidate the procedure employed, but the Court reaffirmed "the Constitutional constraints applicable to the decisions of an administrator performing prosecutorial functions." At 446 U.S. 243, 244, 100 S.Ct. 1613, 1614.

The Court in *Jerrico* stated:

The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases. . . . The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law. . . . At the same time, it preserves both the appearance and reality of fairness "generating the feeling, so important to a popular government, that justice has been done," . . . . by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him. *Id.* at 242, 100 S.Ct. at 1613.

Defendants in this case urge upon the Court that any constitutional defect in their trial procedure is cured by the right of a defendant in the criminal proceeding to appeal to the circuit court wherein he would receive a trial *de novo.* This contention, however, was rejected by the Supreme Court in *Ward v. Village of Monroeville,* 409 U.S. 57, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972). In *Ward* the Court declared that the petitioner was denied due process when he was compelled to stand trial before the mayor, who, in addition to his role as the judicial officer of the traffic court, was also responsible for the Village's finances, a substantial portion of which was derived from fines from the traffic court. The Supreme Court noted that the right of petitioner to receive a trial *de novo* in circuit court did not erase the traffic court's procedure of its unconstitutional taint, stating:

Nor, in any event, may the State's trial court procedures be deemed constitutionally acceptable simply because the State eventually offers a defendant an impartial adjudication. Petitioner is entitled to a neutral and detached judge in the first instance. *Id.* at 61, 62, 93 S.Ct. at 83, 84.

It seems clear that adherence to the principles laid down by the Supreme Court in the quoted cases requires a holding here that the practice in the Prattville Municipal Court of having the same official serve as judge and prosecutor will not meet minimal constitutional standards. This was the conclusion reached in *Delgado v. Rivera,* 430 F.Supp. 309, 312 (D.C.Puerto Rico, 1976) where the *Delgado* court held that the right to trial *de novo* does not remedy the pre-existent lack of due process in having been tried by a judge prosecutor. The *Delgado* decision was cited with approval by the Fifth Circuit Court of Appeals in *Brown v. Vance,* 637 F.2d 272, 282 (5th Cir.1981).

### APPROPRIATE RELIEF

█ This Court will enjoin defendants from establishing or carrying out a policy whereby the Municipal Court judge also serves as prosecutor in misdemeanor cases in the Municipal Court of the City of Prattville.

Since it is without dispute that it was the City of Prattville's official policy to have the Municipal Court judge serve both as judge and prosecutor in the City's Municipal Court, the City will be liable to plaintiffs for damages. The other defendants in this case are clothed with immunity, whether qualified or absolute, and this Court finds no act or acts by any individual defendant in this case that would defeat that individual's immunity. Specifically, monetary damages in this case are chargeable only to the defendant City of Prattville and not to the Mayor, City Council members, or the Judge of the Municipal Court. All of these individuals apparently acted in a good

faith belief that the long-standing procedure by which the same person acted as judge and prosecutor did not violate either state law or the Constitution of the United States. The Supreme Court has noted that when an individual has prevailed in his constitutional claims:

> ... The offending official, so long as he conducts himself in good faith, may go about his business secure in the knowledge that a qualified immunity will protect him from personal liability for damages that are more appropriately chargeable to the populace as a whole. And the public will be forced to bear only the costs of injury inflicted by the "execution of a government's policy or custom, whether made by its lawmakers or by those who edicts or acts may fairly be said to represent official policy."

*Owen v. City of Independence,* 445 U.S. 622, 657, 100 S.Ct. 1398, 1419, 63 L.Ed.2d 673 (1980). The Supreme Court in *Owen* further held that a municipality has no immunity, either qualified or absolute, from liability for damages flowing from its constitutional violations, and that municipalities should be held accountable for their actions which inflict constitutional injury upon an individual. Plaintiffs concede that because of the action of the Municipal Court in dismissing the suits against them, they suffered no actual damages. They are nevertheless entitled to nominal damages for the violation of their constitutional rights, the redress of which required this suit in federal court. Thus, this Court, in addition to enjoining the practice of having the judge serve also as prosecutor, will award nominal damages to each plaintiff in the amount of twenty dollars to be paid by the City of Prattville.

A separate order and judgment will be entered this date in accordance with this memorandum opinion.