

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

August 20, 1984

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

)01 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Wiley L. Cheatham
District Attorney
P. O. Box 587
Cuero, Texas    77954

Opinion No. JM-194

Re: Duties of certain officials under article 42.12, Code of Criminal Procedure

Dear Mr. Cheatham:

You have asked the following questions regarding the duties, responsibilities, and limitations of authority of the district attorney (or other state prosecutor), district judge, and probation officer under section 8(a) of article 42.12 of the Code of Criminal Procedure concerning the revocation of probation:

> 1. Does the fact that a probation revocation hearing has been held to be administrative, rather than criminal in nature, change the duties and responsibilities of the district attorney, or other state prosecutor, in the revocation proceedings compared to the filing and trying of an ordinary criminal case?

> 2. Can a district attorney file a petition in district court to revoke a felony probation which was granted in one of the counties served by the district attorney, without the request of the probation officer and/or the district judge, or is the district attorney prohibited from filing a petition to revoke a felony probation unless requested to do so by the probation officer and/or the district judge?

> 3. If the probation officer obtains the written approval or order of the district judge to file a motion to revoke the probation of a felony probationer, is the district attorney required to file a motion to revoke regardless of the lack of merits or lack of admissible legal evidence available to revoke, or does the district attorney have the authority to screen the requests to file motions to revoke probations and to refuse to file a motion to revoke when he feels that there is a lack of sufficient, legal, admissible evidence

submitted to him by the probation officer on which to prove the alleged violations, as required by the appellate courts?

4.   If the district judge goes over the evidence and facts of the case in detail with the probation officer prior to ordering that a petition to revoke be filed and not in open court with attorneys for both sides present, is the judge then disqualified to hear the revocation proceedings?

5.   After a petition to revoke a probation has been filed, can a judge refuse or decline to hear the petition to revoke?

6.   After a petition to revoke a probation has been filed, can a judge dismiss the petition to revoke without a hearing, when the state is ready for the hearing and requests that a hearing be conducted?

7.   (A)  After a petition to revoke a probation has been filed by the prosecutor, can the judge transfer the hearing to another district for another prosecutor to handle, without a hearing and without the approval of the prosecutor who filed the motion to revoke and without showing good cause?  (B)  Can a judge not only transfer a petition to revoke as above set forth, but also combine the petition to revoke with other cases in other districts and consider all cases together without the consent of the state prosecutor?

8.   (A)  If a judge calls a probationer into court and informally discusses alleged violations, without a hearing and not in the presence of the prosecutor and/or defense counsel, is the judge disqualified to hear a petition to revoke filed by the state concerning violations discussed by the judge and probationer?  (B)  If the judge discusses the alleged violation with the probationer, can the judge then refuse to hear a petition to revoke filed by the prosecutor covering the violations discussed?

The subject statute reads in part as follows:

Sec. 8.   (a)  At any time during the period of probation the court may issue a warrant for violation of any of the conditions of the

probation and cause the defendant to be arrested.
Any probation officer, police officer or other
officer with power of arrest may arrest such
defendant without a warrant upon the order of the
judge of such court to be noted on the docket of
the court.  A probationer so arrested may be
detained in the county jail or other appropriate
place of detention until he can be taken before
the court.  Such officer shall forthwith report
such arrest and detention to such court.  If the
defendant has not been released on bail, on motion
by the defendant the court shall cause the
defendant to be brought before it for a hearing
within 20 days of filing of said motion, and after
a hearing without a jury, may either continue,
modify, or revoke the probation.  The state may
amend the motion to revoke probation any time up
to seven days before the date of the revocation
hearing, after which time the motion may not be
amended except for good cause shown, and in no
event may the state amend the motion after the
commencement of taking evidence at the hearing.
The court may continue the hearing for good cause
shown by either the defendant or the state.  If
probation is revoked, the court may proceed to
dispose of the case as if there had been no
probation, or if it determines that the best
interests of society and the probationer would be
served by a shorter term of imprisonment, reduce
the term of imprisonment originally assessed to
any term of imprisonment not less than the minimum
prescribed    for    the    offense    of    which    the
probationer was convicted.

Code Crim. Proc. art. 42.12.  This provision of the Adult Probation,
Parole, and Mandatory Supervision Law provides little guidance in
arriving at answers to your questions.  We conclude, however, that the
functions of the district attorney and district judge in probation
revocation matters are generally comparable to their respective roles
in other similar facets of criminal proceedings.

In its most recent exposition of the nature of a probation
revocation proceeding in Riedas v. State, 586 S.W.2d 520, 523 (Tex.
1979), the Texas Court of Criminal Appeals stated as follows:

In Davenport v. State, 574 S.W.2d 73 (Tex. Cr.
App. 1978), we held:

'At a revocation of probation proceeding, a
defendant need not be afforded the full range
of  constitutional  and  statutory  protections

available at a criminal trial. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). At such a proceeding, guilt or innocence is not at issue, and the trial court is not concerned with determining the defendant's original criminal culpability. "The question at a revocation hearing is whether the appellant broke the contract he made with the court after the determination of his guilt." Kelly v. State, Tex. Cr. App., 483 S.W.2d 467, 469. Also of significance is the fact that ". . . the result of such a hearing to revoke is not a conviction but a finding upon which the trial court might exercise its discretion by revoking or continuing probation." Hill v. State, Tex. Cr. App., 480 S.W.2d 200, cert. denied, 409 U.S. 1078, 93 S.Ct. 694, 34 L.Ed.2d 667 (emphasis added). "A probation revocation hearing is not . . . a criminal prosecution." Hill v. State, supra. It has been denominated as "administrative in nature." Hill v. State, supra.'

This is not to say, however, that all constitutional guarantees of due process fly out the window at a probation revocation hearing. A probationer is entitled to certain due process protections in the revocation proceedings. Bradley v. State, 564 S.W.2d 727 (Tex. Cr. App. 1978); Whisenant v. State, 557 S.W.2d 102 (Tex. Cr. App. 1977). In Gagnon v. Scarpelli, supra, the Supreme Court enunciated the 'minimum requirements of due process' which must be observed in probation revocation hearings. They include: written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him, the opportunity to be heard in person and to present witnesses, the right to confront and cross-examine adverse witnesses, a 'neutral and detached' hearing body, and a written statement by the fact finders as to the evidence relied on and the reasons for revoking probation. See also Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

In Whisenant v. State, supra, we observed that the procedure for revoking probation in this State affords a probationer far greater safeguards than those required by Gagnon v. Scarpelli, supra, and Morrissey v. Brewer, supra. We stated in Whisenant that 'The proceeding to revoke

> probation, although not the same as a criminal trial, requires substantially all the same procedure . . . . An adversary proceeding is afforded the probationer in which almost all of the rules of evidence and criminal procedure are applicable . . . .' 557 S.W.2d at 105.

Compare Fariss v. Tipps, 463 S.W.2d 176, 179 (Tex. 1971). Hill v. State, supra, held that a probation revocation hearing is not "an adversarial proceeding, a civil action, or a criminal prosecution." 480 S.W.2d at 202.

Recent cases such as Ruedas and Whisenant, supra, establish that a probation revocation hearing is adversarial in nature. Moreover, a careful reading of the court's pronouncement in Ruedas leads to the conclusion that earlier statements regarding a probation revocation hearing being an administrative proceeding rather than a criminal prosecution have been largely eroded. These statements are merely another way of saying that such a hearing is not a part of the determination of a defendant's original criminal culpability and consequently does not entitle a defendant to the full range of federal due process protection required for criminal defendants prior to a determination of guilt. Likewise, the Ruedas exposition also notes that while Morrissey, supra, and Scarpelli, supra, mandate only specified "minimum requirements of due process," Texas law requires that far greater safeguards, amounting to virtually the same procedural protections available at a criminal trial, be afforded in a probation revocation hearing. See, e.g., Ex parte Guzman, 551 S.W.2d 387 (Tex. Crim. App. 1977) (a probationer has the right to be represented by counsel at a probation revocation hearing).

Regarding your first three questions, we refer to article 2.01 of the Code of Criminal Procedure, which requires that:

> Each district attorney shall represent the State in all criminal cases in the district courts of his district and in appeals therefrom, except in cases where he has been, before his election, employed adversely . . . . It shall be the primary duty of all prosecuting attorneys . . . not to convict, but to see that justice is done.

See also Tex. Const. art. V, §21. While section 8(a) of article 42.12 does not explicitly speak to the filing of a motion to revoke probation, it does refer to "[t]he state" amending such a motion and case law applying article 2.01 implicitly recognizes that the appropriate agent of the state for filing probation revocation motions is the district attorney (or other state prosecutor). See Ex parte Morgan, 616 S.W.2d 625 (Tex. Crim. App. 1981) and Ex parte Spain, 589 S.W.2d 132 (Tex. Crim. App. 1979). Indeed, in Taylor v. State, No. 12-83-0126-CR, Tex. App. - Tyler, March 29, 1984 (unreported), the

Tyler court of appeals recently explicitly held that a revocation proceeding falls within the ambit of both article 2.01, V.T.C.S., and article V, section 21 of the Texas Constitution, thus requiring the state's interests to be represented by the appropriate state prosecutor.

Thus, we answer your first three questions as follows:  (1) the duties and responsibilities of the state prosecutor in probation revocation proceedings are comparable to those of such prosecutor in the main criminal prosecution; (2) when in his prosecutory judgment the circumstances are appropriate, a district attorney may file a motion to revoke a felony probation without the request of the probation officer or district judge; and (3) a district attorney is not required to file a motion to revoke sought by a probation officer, if there is a lack of merit or the existence of any legal defect, but rather a district attorney should exercise appropriate prosecutorial discretion as in an original criminal prosecution.  Indeed, article 2.01 as quoted above directs the prosecutor to do justice above all. Compare Model Code of Professional Responsibility, Canon 7 and especially DR 7-103(A).

Regarding questions four and eight, the circumstances posited would not be the basis for a disqualification, because the exclusive grounds for disqualifying a judge from sitting in a criminal case are very narrowly drawn in article V, section 11 of the Texas Constitution and article 30.01 of the Code of Criminal Procedure.  Ex parte Largent, 162 S.W.2d 419 (Tex. Crim. App. 1942), cert. denied, 317 U.S. 668 (1942).  Until very recently, it was

> well established that the bias or prejudice of a trial judge not based upon interest is not a legal disqualification.  Aldridge v. State, 170 Tex. Cr. R. 502, 342 S.W.2d 104 (1961); Vera v. State, 547 S.W.2d 283 (Tex. Cr. App. 1977).  However, any indication of prejudice or opinion of guilt on the part of the trial judge requires close scrutiny of his rulings on appeal.  Aldridge v. State, supra; Vera v. State, supra.  But the judge's bias, if any, standing alone, does not constitute error. Of course, a defendant could challenge an erroneous ruling rather than the prejudice which would give the defendant the right to complain. Bolding v. State, 493 S.W.2d 181 (Tex. Cr. App. 1973); Vera v. State, supra.

Zima v. State, 553 S.W.2d 378, 380 (Tex. Crim. App. 1977).  In McClenon v. State, 661 S.W.2d 108 (Tex. Crim. App. 1983), however, the Court of Criminal Appeals held that bias which "is shown to be of such a nature and to such an extent as to deny a defendant due process of law" would be a basis for disqualification.  Moreover, Morrissey, supra, at 489, and Scarpelli, supra, at 786, make clear that "a

'neutral and detached' hearing body" is necessary to satisfy the minimum requirements of due process.

Thus, we believe that a judge who either "goes over the facts . . . and evidence . . . with the probation officer prior to ordering that a petition to revoke be filed . . ." beyond what is necessary as a basis for issuing a warrant, or "informally discusses alleged violations with probationer . . . [outside] the presence of the prosecutor and/or defense counsel . . ." could put his status as "neutral and detached" in jeopardy. A recent, very cogent analysis of the constitutional impropriety of an official functioning as both prosecutor and judge in the same case emphasizes the necessity of "the appearance of impartiality constitutionally required by a judge." Giles v. City of Prattville, 556 F.Supp. 612 (M.D. Ala. 1983). See also Chitimacha Tribe of Louisiana v. Harry L. Laws Co., 690 F.2d 1157, 1165 (5th Cir. 1982). The Giles court went on to quote the United States Supreme Court in Marshall v. Jerrico, Inc., 446 U.S. 238, 242 (1980) as follows:

> The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases . . . . The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law . . . . At the same time, it preserves both the appearance and reality of fairness 'generating the feeling, so important to a popular government, that justice has been done . . . ' by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him.

Cf. Cooledge v. New Hampshire, 403 U.S. 450 (1971). In Texas ex rel. Bryan v. McDonald, 662 S.W.2d 5 (Tex. Crim. App. 1983), the court found it improper for a judge to view a presentencin report of a probation officer prior to a determination of guilt or innocence because of Canon 3(A)(4) of the Code of Judicial Conduct regarding ex parte communications concerning pending or impending proceedings. Consequently, we conclude that, depending on the facts of the particular case, a judge who combined the prosecutorial function with his decision-making function, as might occur in the situation described in your questions four and eight, could violate the constitutional mandate for a fair and impartial hearing tribunal. See Wong Yang Sung v. McGrath, 339 U.S. 33, 50 (1950).

Questions five and six raise the issue of what sort of discretion a judge has to dispose of a probation revocation petition without a hearing. Section 1 of article 42.12 provides in part that

> It is the purpose of this Article to place <u>wholly</u> <u>within</u> <u>the</u> <u>State</u> <u>courts</u> <u>of</u> <u>appropriate</u> <u>jurisdiction</u> <u>the</u> <u>responsibility</u> <u>for</u> determining when the imposition of sentence in certain cases shall be suspended, the conditions of probation, and <u>the supervision of probationers</u>, in consonance with the powers assigned to the judicial branch of this government by the Constitution of Texas. (Emphasis added).

Since there is no provision to the contrary, and since the whole thrust of this statute is to place the governance of the probation system within the discretion of the judges of criminal courts, we are satisfied that, absent an abuse of discretion, a district court judge may dismiss a petition to revoke probation without a hearing, although he could not, of course, act to revoke without a state prosecutor's having filed a motion seeking such action. <u>Compare</u> article 32.01 of the Code of Criminal Procedure.

Question seven implicates section five of article 42.12 which reads as follows in pertinent part:

> (a)  Only the court in which the defendant was tried may . . . alter conditions, revoke the probation, or discharge the defendant, <u>unless the</u> <u>court has transferred jurisdiction of the case to</u> <u>another court with the latter's consent</u> . . . .

> (b)  <u>After</u> <u>a</u> <u>defendant</u> <u>has</u> <u>been</u> <u>placed</u> <u>on</u> <u>probation,</u> <u>jurisdiction</u> <u>of</u> <u>the</u> <u>case</u> <u>may</u> <u>be</u> <u>transferred</u> <u>to</u> <u>a</u> <u>court</u> <u>of</u> <u>the</u> <u>same</u> <u>rank</u> <u>in</u> <u>this</u> <u>State</u> having geographical jurisdiction where the defendant is residing or where a violation of the conditions of probation occurs.  Upon transfer, the clerk of the court of original jurisdiction shall forward a transcript of such portions of the record as the transferring judge shall direct to the court accepting jurisdiction, <u>which latter</u> <u>court shall thereafter proceed as if the trial and</u> <u>conviction had occurred in that court.</u>

> (c)  Any court having geographical jurisdiction where the defendant is residing or where a violation of the conditions of probation occurs may issue a warrant for his arrest, but <u>the</u> <u>determination of action to be taken after arrest</u> <u>shall be only by the court having jurisdiction of</u> <u>the case at the time the action is taken.</u>

These provisions, rather than the venue provisions in chapter 31 of the Code of Criminal Procedure, control probation revocation

proceedings, since the specific prevails over the general. See 53
Tex. Jur.2d Statutes, §186.  Section 5(a) and (b) unequivocally state
that after a defendant has been placed on probation the court which
tried him may transfer his case to a coequal court which is located
either (1) where the probationer resides, or (2) where the alleged
violation of the conditions of probation occurred, if the transferee
court consents.  Subsection (c) states that either court may issue a
warrant for a probationer's arrest, but only the court having
jurisdiction of the case at the time may act on the motion to revoke
probation.  Section 5 contains no other restraints on the transfer of
cases wherein a defendant has been granted probation.  Hence, we
believe that a judge has the authority to transfer such a case to
another district court without the approval of the prosecutor who
filed the motion to revoke.  After such transfer, we believe the
transferee court would be able to join other cases with the probation
revocation matter without the consent of the prosecuting attorney in
the transferee district, though such procedure is not recommended.
Moreno v. State, 587 S.W.2d 405, 412-413 (Tex. Crim. App. 1979).

## S U M M A R Y

The responsibilities of a district attorney in
a probation revocation hearing are essentially the
same as those in a trial to determine criminal
culpability.  For example, a district attorney's
determination of whether to file a petition to
revoke probation must be based on his own best
prosecutory judgment, not merely the request of
the probation officer.

If a district judge reviews the facts involved
in an alleged probation violation matter with the
probation officer or the probationer outside the
presence of the district attorney, the judge,
though he is not otherwise disqualified under
state law, might under particular circumstances
find it appropriate to decline to hear the matter
at issue if he has compromised the impartiality
demanded by the federal due process clause.

Since the whole thrust of article 42.12 is to
give governance of the probation system to the
district judge, he may decline to hear or may
dismiss a probation revocation petition without a
hearing.

Under section five of article 42.12, the
district judge is authorized to transfer the
hearing on a probation revocation motion with the
consent of the transferee judge, and the

transferee judge may consolidate such transferred
matter with other cases.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Colin Carl
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Gary Bledsoe
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton